IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|                          |   |                      |
|--------------------------|---|----------------------|
| ROBERT CHARLES LEWIS,    | ) |                      |
|                          | ) |                      |
| Plaintiff,               | ) |                      |
|                          | ) |                      |
| v.                       | ) | Civ. No. 23-1140-CFC |
|                          | ) |                      |
| JENNA M. FREDETTE,       | ) |                      |
|                          | ) |                      |
| Defendant.               | ) |                      |

## **MEMORANDUM OPINION**

Robert Charles Lewis, Deptford, New Jersey – *Pro Se* Plaintiff

February 18, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

On October 12, 2023, Plaintiff Robert Charles Lewis filed this civil action. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

The Complaint alleges that this action raises a claim under the Constitution, law, or treaties of the United States. (D.I. 2 at 3.) The civil cover sheet submitted with the Complaint indicates that the case presents a civil rights disability discrimination claim. (D.I. 2-4.)

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Between October 10, 2023, and October 11, 2023, at Christiana Hospital in Newark, Delaware, Plaintiff, a resident of Delaware, was discharged and denied admission for longer care by Defendant Jenna M. Fredette, M.D. (D.I. 2 at 4.) Plaintiff believes that he was wrongfully discharged because he had previously filed a lawsuit against Elkton Nursing and Rehabilitation Center. (*Id.* at 3.)

1

On October 10, 2023, Plaintiff called Christiana Hospital, Plaintiff told a hospital representative that he needed to be hospitalized, and the representative told Plaintiff that "a bed would be available for as long as a full recovery would take." (D.I. 2 at 5.) After this call, Plaintiff went to the emergency room of Christiana Hospital. (*Id.*) Initially, hospital staff were going to admit Plaintiff to the upper level to receive care for as long as needed, but then Defendant "wrongfully discharged [Plaintiff] to the street." (*Id.* at 6.)

The Complaint notes that, prior to this visit, Plaintiff had been admitted to Christiana Hospital for longer care on two separate, recent occasions. (*Id.*) These prior stays were between two and four weeks long, and during them, Plaintiff was treated for a pressure wound and fractures to two of his vertebrae. (*Id.*)

According to the Complaint, Plaintiff sustained injuries from the wrongful discharge in the form of "further strain and extreme pain to [his two] untreated fractured vert[e]bra[e]," and "further damage to [his] health by not giving [him] insulin to take with [him]." (*Id.* at 7.) The failure to provide Plaintiff with insulin put him "at extreme risk for kidney failure, blindness, and amputations." (*Id.*) Based on the foregoing, Plaintiff seeks money damages in the amount of $275,000.00 and additional "punitive damages to be decided by a jury." (*Id.*)

## III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

3

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Having reviewed the Complaint, the Court finds that Plaintiff fails to state a claim upon which relief can be granted; as such, 28 U.S.C. § 1915(e)(2)(B)(ii)

warrants dismissal. The Complaint alleges that this action raises a claim under the Constitution, law, or treaties of the United States, but it does not specify any Constitutional provision, or federal law or statute, that has been violated. (D.I. 2 at 3.) Instead, the Complaint alleges that Plaintiff was discharged from Christiana Hospital, not based on a true assessment of his medical condition, but because he had previously filed a lawsuit against Elkton Nursing and Rehabilitation Center. (*Id.*) Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Court cannot discern from the foregoing, without more, the basis in law for Plaintiff's claim or claims.

Furthermore, as a factual matter, the allegations in the Complaint fail to establish that Defendant's decision to discharge Plaintiff was based on any lawsuit filed by Plaintiff, or any other unlawful or inappropriate basis. *See* D.I. 2. The Court cannot credit bald assertions and legal conclusions without facts alleged to support them. *See Iqbal*, 556 U.S. 662; *Twombly*, 550 U.S. 544. As such, the Court must find that the Complaint fails to state a claim. Additionally, the Court notes that Plaintiff's belief that his October 2023 discharge was based on a personal bias may be undercut by the allegations in the Complaint regarding Plaintiff's prior, recent, longer stays at Christiana Hospital. (*See* D.I. 2 at 6.)

5

The Court notes that the civil cover sheet asserts that this case presents a disability discrimination claim. *See* D.I. 2-4. Title VI of the Civil Rights Act prohibits discrimination based on a protected class by recipients of federal funding, *see* 42 U.S.C. § 2000d, and the Rehabilitation Act prohibits discrimination of persons with disabilities by recipients of federal funding, *see* 29 U.S.C. § 794(a). Without reaching the matter of whether the Complaint has named an appropriate defendant for claims of this nature, the Complaint fails to state such claims because it does not identify Plaintiff as an individual with a disability, or as a member of any other protected class, and it does not allege facts from which the Court could infer that Plaintiff was improperly discharged based on his membership in a protected class. *See* D.I. 2. As discussed, the Complaint alleges no facts from which the Court can infer that discharge was improper.

Additionally, to the extent that Plaintiff intends to raise a 42 U.S.C. § 1983 claim by way of this action, the Complaint fails to identify a viable defendant for this type of claim. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *Id.* at 49. The Complaint appears to name a private physician working

6

at a private hospital as the sole Defendant in this case.¹ As such, the Court cannot conclude that Defendant was "clothed with the authority of state law." *See Henry v. Balas*, No. 03-771-GMS, 2004 WL 2211956, at *2 (D. Del. Sept. 23, 2004) ("Christiana Health Services is a private corporation. Dr. Balas and Dr. Reed are private physicians .... As such, none of the defendants are in any way clothed with the authority of state law.") (internal quotation marks omitted). Accordingly, amendment appears futile for any § 1983 claims.

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to amend.

An appropriate Order will be entered.

---

¹ The Court takes judicial notice of the fact that Christiana Hospital is part of ChristianaCare, a private not-for-profit regional health care system. *See About Us: Who We Are*, https://christianacare.org/us/en/about-us/who-we-are (last visited Jan. 22, 2025).

7